Settlement/Hearing: September 28, 2017
Time: 9:30 A.M.

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

In re

    Edward F. Miller                                  Case No.: 17-60023-6-dd

                Debtor.                                    Chapter 7
---------------------------------------------------------------X

**DEBTOR'S RESPONSE TO TRUSTEE'S SUPPLEMENTAL SUBMISSIONS ON MOTION TO DISMISS DEBTOR'S CHAPTER 7 CASE PURSUANT TO 11 U.S.C. §707(a)(1) FOR FAILURE TO APPEAR AT 11 U.S.C. §341(a) MEETING, FAILURE TO COOPERATE WITH THE TRUSTEE, AND, IN THE ALTERNATIVE, TO EXTEND TIME TO FILE COMPLAINT FOR DENIAL OF DISCHARGE**

COMES NOW Edward F. Miller (the "Debtor"), through his counsel, Irene Costello, files a Response to Trustee's Supplemental Submission on Motion to Dismiss the Debtor's Chapter 7 Case and Objection Sonic Arts Entertainment LLC's (the "Creditor") Response to the *Trustee's Motion to Dismiss Case Pursuant to 11 U.S.C. § 707(a)(1) for Failure to Appear at 11 U.S.C. §341(a) Meeting, Failure to Cooperate with the Trustee, and, in the Alternative, to Extend Time to File Complaint for Denial of Discharge*, (the "Motion to Dismiss"), and in support thereof now states:

1. Upon, the oral argument on August 24, 2017, the Court adjourned the trustee's motion, for the purpose of additional legal support for the trustees request to dismiss, and allowed the Debtor as well to file memorandum.

1

2. The Trustee does correctly state that the Debtor did not meet the deadlines for submission of additional documents. However, the Debtor explained at that time that not all schedules that needed amendments were filed because the Debtor was working to make sure they were not inaccurate or incomplete. [1]

3. Counsel for the Debtor has since left the firm of Shipkevich, PLLC and in the transfer did have an issue with not having on the calendar the 341 scheduled for September 11, 2017.

4. As of this filing Counsel has now filed an Amended Statement of Financial Affairs which the Debtor believes to be the last filing required to fix all deficiencies with his schedules.

## LEGAL ANALYSIS

A. The Trustee's Motion to Dismiss Cannot be Granted for Cause Under 11 U.S.C. §707(a)(1).

A court exercises substantial discretion in determining a motion to dismiss under Section 707(a). *In re Smith,* 507 F.3d 64 (2d Cir. 2007).. However, the Trustee's Motion to Dismiss seeks dismissal pursuant to 11 U.S.C. §707(a)(1), which states, "The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including-- (1) unreasonable delay by the debtor that is prejudicial to creditors." The party bringing the motion to dismiss bears the burden of proving cause. *In re Ventura,* 375 B.R. at 108 (citing *In re Horan,*

---

[1] Further, counsel for the Debtor believes certain statements claimed to be inconsistent in the schedules by Creditors counsel were not actually inconsistent. These claims seemed to be based on statements Debtor made during the 2004 Examination conducted by Sonic Arts, which were mischaracterized and misstated, perhaps because of a misunderstanding that the petition reflect the estate at the time of the filing of the case. Nonetheless, the statements are not a part of the record of this case. Counsel for the Debtor objected to the reference to the 2004 examination on the record as it has no bearing on Trustee's motion to dismiss and was done solely to harass the Debtor.

2

304 B.R. 42, 46-48 (Bankr. D. Conn. 2004)). The Trustee still has not provided any evidence that any creditor of the Debtor has suffered any actual prejudice beyond that which would be experienced by any creditor who is stayed from collecting a debt.[2] Thus, the Trustee has not met his burden.

Unlike, the instant case in *In re Ventura* the Debtor refused to comply with the United States Trustee's request for an audit. *In re Ventura,* 375 B.R. at 108. The Trustee also cites *In Re Rust,* and focuses on the the fact that the Debtor did not attend scheduled Section 341 Meetings of Creditors, however, at all times Mr. Vassallo had told the Debtor that these had been rescheduled on the request of the trustee. Thus, the facts of these cases are distinguishable because the Debtor did not know his appearance was required at these meetings and made efforts to try and comply with the code and appear but they were thwarted by the misrepresentations of Attorney Vassallo. *See In re Rust*, 1 B.R. 656, 657 (Bankr. M.D. Tenn. 1979).

On several occasions the Debtor had driven several hours to attend the meetings only to be called by Mr. Vassallo at the last minute and told the meeting was rescheduled. Only the last scheduled 341 was truly missed by the Debtor and his counsel, and that was unintentional. The actions that have caused the delay, as set out in the facts herein and verified by the declaration of the Debtor attached to the Debtor's prior objection, were the actions of Attorney Vassallo. Dismissal should not be used as a sanction to punish Debtors, and especially not for bad acts of their counsel.

Furthermore, the Trustee suggests that he cannot determine the Debtor's assets and liabilities. This is disingenuous when the Trustee was present for a six hour interview wherein

---

[2] Sonic Arts is also clearly not prejudiced by the delay, in its response it was not seeking to join in the dismissal of the case but rather to extend the time to request a 2004 examination. The Debtor is also concerned that Sonic Arts has taken actions to collect its debts in violation of 11 U.S.C. §362.

3

the Debtor went through several months of his bank statements line by line, every item in his possession and described in painstaking detail the nature and liabilities of his business endeavors. The very fact that this did not complete the examination points to the volume of the information that is being requested, not all of which is even relevant to this filing; but is nonetheless being produced at the best pace that the Debtor and counsel can manage. The Trustee has acknowledged that he has received volumes of information that were too much to review. Debtor's counsel has had difficulty pairing down this information to adequately disclose what is needed in a manageable format. Nonetheless, the information has been provided and all the parties have at this point if not a perfect, a very good idea of the assets and liabilities of the Debtor.

Finally, it is still not alleged that any actual harm has occurred. Further, the Debtor has already stated that he would consent to an extension of the time allowed to object to discharge. Thus, there is no undue benefit to the Debtor's delay should the Trustee find grounds to object to discharge. Therefore, there is no basis under 11 U.S.C. 707 to dismiss this case. On the facts and arguments before the Court, there are no legal or equitable grounds to dismiss the Debtor's case.

WHEREFORE, the Debtor respectfully requests that the Court deny the Trustee's Motion to Dismiss the Chapter 7 case, or, in the alternative, that the Court deny the Creditor's Motion for Denial of Discharge. The Debtor asks the Court that he be allowed to continue in his Bankruptcy case and have the opportunity of a fresh start that the Bankruptcy Code provides, and for such further relief as the Court deems just and proper.

Respectfully Submitted,

*/s/Irene Costello*
Irene Costello
Shipkevich, PLLC
65 Broadway, Suite 508
New York, NY 10006
(212) 252-3003
icostello@shipkevich.com