UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

    EDWARD F. MILLER,                                          Chapter 7
                                                                               Case No. 17-60023

                                                 *Debtor.*

APPEARANCES:

Cabanillas & Associates, PC                              *Irene Marie Costello, Esq.*
*Attorneys for Debtor*
120 Bloomingdale Road
White Plains, New York 10605

Law Office of L. David Zube                                *L. David Zube, Esq.*
*Chapter 7 Trustee*
59 Court Street, 4th Floor
Binghamton, New York 13901

Honorable Diane Davis, United States Bankruptcy Judge

**MEMORANDUM-DECISION**

*I. Introduction*

      Pending before the Court is the motion of the Chapter 7 Trustee, L. David Zube, Esq. ("Trustee Zube"), filed on May 24, 2017, seeking to dismiss this chapter 7 bankruptcy case for cause pursuant to 11 U.S.C. § 707(a), or, in the alternative, to extend the time to object to discharge pursuant to 11 U.S.C. § 727 (the "Motion," ECF No. 30).[1] Sonic Arts Entertainment, LLP ("Sonic Arts"), an unsecured creditor in the case, filed a Response to the Motion on June 6, 2017, requesting that the Court grant the Motion. (ECF No. 35.) Edward F. Miller ("Debtor") initially consented to the same. However, prior to the Court's issuance of an order, Debtor filed late

---

[1] Unless otherwise indicated, all future statutory references are to the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532 (2012) (the "Bankruptcy Code").

opposition to the Motion on August 11, 2017 (the "Opposition," ECF No. 51). The Opposition then prompted several additional filings by the parties. Trustee Zube filed a Supplemental Submission on August 21, 2017 (the "Supplement," ECF No. 53). Sonic Arts filed a Response to the Opposition on August 22, 2017 ("Sonic Art's Response," ECF No. 54). Trustee Zube filed a Second Supplemental Submission on September 21, 2017 (the "Second Supplement," ECF No. 61). Debtor filed a Response to the Supplement and Second Supplement on September 21, 2017 ("Debtor's Supplemental Response," ECF No. 63). Trustee Zube filed a Third Supplemental Submission on September 27, 2017 (the "Third Supplement," ECF No. 65). Trustee Zube, Debtor, and Sonic Arts simultaneously entered into and filed several stipulations extending the time to object to discharge and/or dischargeability of certain debts through February 15, 2018. (ECF Nos. 38, 40, and 66.)[2]

On August 24, 2017, the Court held a hearing on the Motion, at which counsel for Debtor and Trustee Zube appeared. The Court adjourned the Motion to September 28, 2017, at which counsel for Debtor and Trustee Zube again appeared. The Court adjourned the Motion a final time to October 26, 2017. On October 25, 2017, following the Court's review of the record in preparation for the second adjourned hearing, the Court advised the parties that the second adjourned hearing was unnecessary because the Court was taking the matter under advisement for issuance of this decision.

For the reasons set forth below, the Court grants the Motion. Debtor's chapter 7 case is dismissed without prejudice. This decision constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7052.

*II. Jurisdiction*

---

[2] On February 13, 2018, Trustee Zube filed a default motion to further extend this timeframe, returnable March 22, 2018. (ECF No. 67.)

The Court has jurisdiction over the parties and subject matter of this core proceeding pursuant to 28 U.S.C. §§ 157(a), (b)(2)(A) and 1334(a) and (b).

*III. Background*

On January 12, 2017, Debtor filed a bare bones voluntary petition under chapter 7 of the Bankruptcy Code, which lacked substantially all of the required schedules and supporting documentation (the "Petition," ECF No. 1). The Petition was signed by Attorney Costello, as counsel for Debtor, who was affiliated with Shipkevich Law. The Bankruptcy Clerk's office issued a Notice of Deadlines on January 17, 2017, therein advising Debtor and Attorney Costello that all schedules and supporting documentation were due on January 26, 2017. (ECF No. 4.) The initial meeting of creditors, to be held pursuant to § 341, was scheduled for February 13, 2017 (the "First Meeting of Creditors"). (ECF No. 5.) Debtor filed his schedules and supporting documentation to complete the Petition on January 31, 2017. (ECF No. 12.)

Debtor appeared at the First Meeting of Creditors, which Trustee Zube continued to February 27, 2017. At the First Meeting of Creditors, Trustee Zube requested the following information from Debtor: (1) payment advices related to a consulting arrangement; (2) an explanation of expenses beyond what Schedule J reported; (3) verification that Debtor had been employed since July 2016 as a consultant; (4) an accounting of payments made to creditors in the six month period prior to filing; (5) verification of wages owed to Debtor from his company TMG Energy Systems ("TMG"); (6) corporate tax returns and Debtor's tax returns for tax years 2013 through 2016; (7) a corrected petition to show business rather than consumer debt; and (8) copies of assessment notices to substantiate the priority tax claims. (Supplement, Ex. C.) The First Meeting of Creditors was then continued to March 13, 2017, March 27, 2017, and April 10, 2017, in order to provide Debtor with an opportunity to respond to Trustee Zube's initial request for

information. Debtor appeared at the continued meeting on April 10, 2017, but he did not provide the requested information to Trustee Zube, causing Trustee Zube to continue the meeting to April 24, 2017. Debtor did not appear on that date or provide the requested information. Trustee Zube further continued the meeting to May 8, 2017, May 22, 2017, and June 12, 2017, upon the parties' agreement that Debtor would provide all outstanding information to Trustee Zube.

Following the seventh continuation of the First Meeting of Creditors, Trustee Zube filed the pending Motion. Trustee Zube scheduled the default Motion for a hearing on June 22, 2017. On June 21, 2017, however, Trustee Zube, Attorney Costello, and counsel for Sonic Arts filed a stipulation extending the time to object to discharge and/or dischargeability of certain debts and claimed exemptions, scheduling an examination of Debtor by Sonic Arts pursuant to Bankruptcy Rule 2004 (the "2004 Exam"), requiring Debtor to produce all requested documentation no less than 14 days prior to the 2004 Exam, and adjourning the Motion to July 22, 2017. (ECF No. 38.) As requested by the Bankruptcy Clerk's office, the parties filed an amended adjournment request to correct the hearing date to July 27, 2017, to coincide with the Court's regularly scheduled motion term date for Debtor's case. (ECF No. 41.) On July 12, 2017, counsel for Sonic Arts served Attorney Costello with a subpoena for the 2004 Exam, therein outlining the specific information sought from Debtor. (Sonic Art's Response, Ex. B.) On July 25, 2017, counsel for Sonic Arts conducted the 2004 Exam of Debtor in the presence of both Attorney Costello and Trustee Zube. (Sonic Art's Response, Ex. A.)

As stated above, Debtor did not timely oppose the Motion. Accordingly, the Court's docket reflects a Bankruptcy Clerk's office entry on July 26, 2017, that the hearing was not held and the Motion was granted on consent. Upon Attorney Costello's request, however, the Court permitted Debtor to file late opposition in order to hear and determine the Motion on the merits. Prior to the

Court having taken the matter under advisement, Trustee Zube continued the First Meeting of Creditors from June 12, 2017, to June 26, 2017, July 10, 2017, July 24, 2017, August 14, 2017, August 28, 2017, September 11, 2017, September 25, 2017, and October 16, 2017.  Of these dates, Debtor appeared only on August 28, 2017.  Throughout this timeframe, Debtor filed numerous amended schedules and supporting documentation to accompany the Petition. (ECF Nos. 42, 43, 44, 45, 47, 48, 56, 57, 58, 59, and 62.)

The following table summarizes some of Debtor's original schedules and various amended schedules:

| *Date* | *ECF No.* | *Official Form* | *Summary* |
|---|---|---|---|
| 1/12/17 | 1 | 101 | $100,001 - $500,000 in assets; $500,001 - $1 million in liabilities; Question 16 – Nature of Debts: primarily consumer debts |
| 4/10/17 | 20 | Amended 101 | Question 16 – Nature of Debts: primarily business debts |
| 1/31/17 | 12 | 106Sum | $123,584.00 in assets; $977,052.55 in liabilities; $15,000.00 in income per Schedule I; $3,630.00 in expenses per Schedule J; Primarily consumer debts |
| 4/12/17 | 24 | Amended 106Sum | $1,206,384.00 in assets; $2,554,249.41 in liabilities; $25,000.00 in income per Schedule I; $24,875.00 in expenses per Schedule J; Primarily business debts |
| 7/20/17 | 48 | Amended 106Sum | $1,206,834.00 in assets; $2,954,249.41 in liabilities; $25,000.00 in income per Schedule I; $27,100.00 in income per Schedule J |
| 8/23/17 | 57 | Amended 106Sum | $1,488,714.00 in assets; $3,354,249.41 in liabilities |
| 1/31/17 | 12 | 106A/B | $123,584.00 in assets; Question 30 – Other amounts someone owes you: $120,000.00 in unpaid wages |
| 4/10/17 | 21 | Amended 106A/B | $1,206,384.00 in assets; Question 30 – Other amounts someone owes you: $1,200,000.00 claim for unpaid wages |

| | | | |
|---|---|---|---|
| 7/19/17 | 42 | Amended 106A/B | $1,200,934.00 in assets |
| 8/23/17 | 56 | Amended 106A/B | $1,474,934.00 in assets; Question 30: Added a $280,000.00 unreimbursed open note |
| 1/31/17 | 12 | 106D | No secured claims |
| 7/19/17 | 43 | Amended 106D | Added secured claims in the amount of $1,769,249.41, including the claim of Sonic Arts in the amount of $1,599,249.41 |
| 1/31/17 | 12 | 106E/F | $726,612.00 priority unsecured debt; $150,440.55 non-priority unsecured debt |
| 7/19/17 | 43 | Amended 106E/F | $785,000.00 priority unsecured debt; $400,000.00 non-priority unsecured debt |
| 1/31/17 | 12 | 106I | Employed by Secure Source Energy; $15,000.00 combined monthly income |
| 1/31/17 | 12 | Amended 106J | $11,170.00 monthly net expenses |
| 8/23/17 | 59 | Amended 106J | ($550.00) monthly net expenses |
| 1/31/17 | 12 | 107 | Question 27 – Business Connections within 4 Years of Filing: Officer, director, or managing executive of Miller Mechanical Systems, LLC, from 6/14/2004-current |
| 7/19/17 | 44 | Amended 107 | Question 10 – Repossessed, foreclosed, garnished, attached, or levied property within 1 year of filing: amended from "No" to "Yes," to account for a bank account levied by Michael Edward Breede; Question 27 – Business Connections within 4 Years of Filing; Officer, director, or managing executive of TMG from 6/14/2004 to current |
| 9/21/17 | 62 | Amended 107 | Question 8 – Payments to an insider within 1 year of bankruptcy: amended from "No" to "Yes," with reference an attached ledger |

As of September 27, 2017, the accounting of payments made to creditors in the six month period prior to filing and copies of assessment notices to substantiate the priority tax claims were still outstanding. Additionally, Trustee Zube was still awaiting docketing or receipt of information requested at the August 28, 2017 meeting, including: (1) an amended list of creditors; (2) a master ledger of payments Debtor made to creditors between January and June 2016; (3) a note or other proof of a loan to verify that the 2016 funds Debtor received under the consulting agreement were a loan rather than income; (4) information regarding proceeds from a refunded security deposit;

and (5) copies of checks requested by Sonic Art's counsel during the 2004 Exam.  (Second Supplement, Ex. A.)

 Debtor's testimony elicited during the 2004 Exam provided additional background concerning his professional affiliations and business transactions.  (Sonic Art's Response, Ex. 1.)[3] In 2006 or 2007, Debtor was executive vice president of operations for JPR Mechanical Services, which was a mechanical contracting business, as well as executive vice president of operations for American DG Energy, which built and operated small-scale power plants.  (Tr. at 6–7, 43.)  By January 2014, Debtor was president and chief operating officer for TMG, a company he formed in March 2011 for the same business purpose.  (Tr. at 25–26.)  In July 2014, TMG acquired Miller Mechanical Systems, which was owned by Debtor's brother.  (Tr. at 29.)  Debtor admittedly did not list the shares of TMG stock he owns in his Petition.  (Tr. at 29.)  Debtor received an annual salary from TMG in the amount of $300,000.00 beginning in 2011 pursuant to a written agreement.  (Tr. at 31–32.)  In 2015, in connection with proposed funding to TMG from third-party financers and investors, TMG's board of directors converted some of Debtor's accrued back compensation into a stock bonus award.  (Tr. at 33.)  In the same year, TMG ceased operations because it could not obtain funding.  Following the cessation of Debtor's employment with TMG in June 2016, he entered into a series of short-term consulting arrangements with Secure Source Energy ("SSE"). Under the consulting agreements with SSE, Debtor received $75,000.00 in compensation, which was funded by Jenis, LLC.  Debtor testified that he does not pay any tax on the monies he receives from his SSE employment because the parties' characterized it as a loan.  (Tr. at 65.)

 In addition to testifying about his business transactions, Debtor testified about several personal financial transactions.  One such transaction involved a real property lease agreement,

---

[3] All future references to the 2004 exam transcript will appear in the following form: "Tr. at __."

whereby Debtor paid the landlord a $14,000.00 security deposit. When the lease terminated, Debtor received approximately $9,000.00 of that deposit back from the landlord. (Tr. at 103.) Debtor admitted that he did not disclose the lease or security deposit in his Petition or schedules. (Tr. at 108.) Notwithstanding Debtor's certification that his Petition and schedules were complete and accurate at the time they were filed, at the 2004 Exam, Debtor conceded that this was not true due to errors and omissions. (Tr. at 106.)

*IV. Arguments*

The parties' arguments are short and straightforward, as this case presents a dispositive legal issue that is relatively simple. Trustee Zube argues that cause exists to dismiss this case because Debtor's failure to provide information and to appear at multiple continuations of the First Meeting of Creditors prevents Trustee Zube from effectively administering the case. Trustee Zube also contends that Debtor's failure to cooperate with his administration of the estate constitutes unreasonable delay that is prejudicial to creditors. According to Trustee Zube, Debtor has not yet provided a complete response to his initial request for information made at the First Meeting of Creditors.

Sonic Arts argues that the Motion is well-founded in law and fact because Debtor failed to attend the continued First Meeting of Creditors several times, he has yet to file an accurate Petition and accompanying schedules, despite several amendments, and he has refused to cooperate with either Trustee Zube or Sonic Arts in order to move his case forward. Specifically, Sonic Arts contends that Debtor's Petition and schedules remain inaccurate. Moreover, Sonic Arts submits that Debtor has not complied with his agreement prior to or during the 2004 Exam to provide Sonic Arts with all subpoenaed documents.

Notwithstanding Attorney Costello's status as Debtor's attorney of record since the commencement of Debtor's case, Debtor initially opposed the Motion on the ground that he had received ineffective legal assistance from one of Attorney Costello's former partner at Shipkevich Law prior to filing the Petition and in the early stages of the case. Setting aside that argument, Debtor contends that, through Attorney Costello, he has provided a significant amount of documents to both Trustee Zube and counsel for Sonic Arts, amended his Petition and schedules, and undergone a lengthy 2004 Exam. Debtor argues that he has taken all necessary actions to comply with the Bankruptcy Code and his obligation to cooperate with Trustee Zube. With respect to his delay in providing information and ensuring the accuracy of his Petition and schedules, Debtor argues that it does not constitute cause to dismiss his case because neither Trustee Zube nor Sonic Arts have shown that creditors experienced any actual prejudice aside from the ordinary delay in pursuing claims that is attendant to all bankruptcy cases.[4]

*V. Discussion*

Bankruptcy Code § 707(a) governs dismissals of chapter 7 cases and provides in relevant part that "[t]he court may dismiss a case under this chapter only after notice and a hearing and only for cause, including – (1) unreasonable delay by the debtor that is prejudicial to creditors . . . ." 11 U.S.C. § 707(a)(1). The statutorily enumerated examples of cause are not exhaustive, but merely illustrative. *In re Ventura*, 375 B.R. 103, 108 (Bankr. E.D.N.Y. 2007) (citing congressional history). Accordingly, whether "cause" to dismiss exists under § 707(a) must be determined on a case-by-case basis. *Id.* (citing *Dinova v. Harris (In re Dinova)*, 212 B.R. 437, 442 (B.A.P. 2d Cir.

---

[4] A significant portion of Debtor's Opposition is devoted to whether dismissal of Debtor's case is appropriate for bad faith. Given that Trustee Zube is not seeking dismissal under § 707(a) for bad faith, the Court will not address the same. As such, Debtor can refile for bankruptcy relief should he so chose.

1997)). The party moving for dismissal under § 707(a) has the burden of establishing cause by a preponderance of the evidence. *Id.* (citing *In re Horan*, 304 B.R. 42, 46 (Bankr. D. Conn. 2004)).

Bankruptcy Code § 521 describes a debtor's duties during the pendency of a bankruptcy case. Under § 521(a)(3), an individual debtor has a duty to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title[.]" 11 U.S.C. § 521(a)(3). The term "cooperate" must be construed broadly such that "'whenever the trustee calls upon the debtor for assistance in the performance of his duties, the debtor is required to respond, at least if the request is not unreasonable.'" *Sicherman v. Warner (In re Warner)*, Case No. 10-20997, 2011 Bankr. LEXIS 4853, at *9 (Bankr. N.D. Ohio Dec. 9, 2011) (quoting *Collier on Bankruptcy* & 521.15[5] (16th ed. 2011)). Under § 521(a)(4), an individual debtor also has a duty to "surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate." 11 U.S.C. § 521(a)(4). Moreover, under § 343, a debtor must submit to an examination under oath at the meeting of creditors required by § 341. 11 U.S.C. §§ 341, 343.

"Courts have held that where a debtor fails to cooperate with the trustee, the trustee's inability to effectively administer the estate constitutes cause under § 707(a)." *In re Warner*, 2011 Bankr. LEXIS 4853, at *9–10 (collecting cases). Courts have also held that a debtor's failure to attend one or more § 341 meetings may or may not constitute "cause" for dismissal depending on the circumstances of the debtor's case. *In re Dinova*, 212 B.R. 437, 444 (B.A.P. 2d Cir. 1997).

Here, Debtor has not fulfilled his statutory duties to cooperate with Trustee Zube. He has failed to provide all information requested and to appear for multiple continuations of the First Meeting of Creditors. He has also failed to fully respond to Sonic Arts' subpoena issued in connection with the 2004 Exam. Debtor has had numerous opportunities to either provide said

information or explain why he could not do so. Further, although Debtor has filed various amendments to his Petition and schedules, they include significant discrepancies regarding both his assets and liabilities. The Court finds that, by not providing the requested documents and information and by not appearing at multiple continuations of the First Meeting of Creditors, Debtor has failed to cooperate with Trustee Zube, which prevents Trustee Zube from being able to effectively administer this bankruptcy estate. Finally, the Court does not find Debtor's argument regarding the ineffective assistance of counsel to be credible, particularly in light of Attorney Costello's extensive involvement in this case since its inception. Therefore, Trustee Zube has met his burden of establishing cause to dismiss Debtor's case under § 707(a).

*VI. Conclusion*

For the foregoing reasons, the Motion is granted and Debtor's case is dismissed pursuant to § 707(a)(1). The Court will enter a separate order consistent with this decision.

Dated: March 8, 2018
      Utica, New York

                                                      /s/Diane Davis_____
                                                      Diane Davis
                                                      United States Bankruptcy Judge